# ORIGINAL
## No. 06-14-00074-CR

RECEIVED IN
The Court of Appeals
Sixth District

MAR 0 9 2015

Texarkana, Texas
Debra Autrey, Clerk

IN THE COURT OF APPEALS
SIXTH DISTRICT OF TEXAS
AT TEXARKANA

FILED IN
The Court of Appeals
Sixth District

MAR 0 9 2015

Texarkana, Texas
Debra K. Autrey, Clerk

TYRONE DEWARD ANDERSON

APPELLANT

VS.

THE STATE OF TEXAS

APPELLEE

ON APPEAL FROM the 354th Judicial District court
OF HUNT COUNTY, TEXAS
TRIAL COURT CAUSE NO. 29,512
Hon. Richard A. Beacon, Jr, Judge Presiding

## Brief for the Appellant

Tyrone Dsward Anderson
TDCJ # 1944026
W. P. Clements Jr Unit
9601 SPUR 591
Amarillo Texas 79107
PRO-SE

ORAL ARGUMENT NOT REQUIRED

APPELLANT RESPECTFULLY REQUEST FOR THIS ANDERS BRIEF IN SUPPORT PURSUANT TO THE PROVISIONS OF THE TEXAS RULES OF APPELLATE PROCEDURE. BE SEEN WITH CAPITAL CASE LITIGATION AND MANY OTHER CASES THE COURT HAS HEARD THROUGH PLEADING FILED BY PRISONERS SENTENCED TO SERVE LIFE, SUCH PRISONER PLEADING ARE TO BE LIBERALLY CONSTRUED. SO SAYS THE UNITED STATES SUPREME COURT. (HAINES V. KERNER) 92 S. CT. 8582 (1972); (HUGHES V. ROWE), 101 SCT. 173 (1980). FOR THE REASONS STATED ABOVE, APPELLANT HEREIN ASSURES THIS HONORABLE COURT THAT HE IS A LAY MAN AT LAW AND IS NOT AN ACCOMPLISHED SKILLED ATTORNEY BY NO MEANS. HE IS UNSKILLED AND INEXPERIENCED IN DRAFTING OF ANDERS BRIEFS, WRITS, AND MOTIONS, THEREFORE APPELLANT IS IN ALL THINGS ENTITLED TO RELIEF AS TO HAVE THIS WRIT OR ANDERS BRIEF HELD LESS STRINGENT STANDARD AS FORMAL PLEADING DRAFTED BY AN ATTORNEY.

## REQUEST FOR ACTUAL JUSTICE:

BECAUSE SOME APPEALS MAY STAND ON ARGUMENTS ALONE, OR MAY BE SUPPORTED BY SEVERAL DOCUMENTS ANNEXED TO THE ANDERS BRIEF THAT I'M SUBMITTING TO THIS COURT. A COURT OF APPEALS SHALL REVIEW THE APPEAL/ANDERS BRIEF THE RECORD, DOCUMENTS ANNEXED THERE TO BEFORE MAKING A DETERMINATION WHETHER THE APPEAL IS ACTUALLY DEFICIENT PRIOR TO DISMISSING, THE APPELLANT ARGUES THE UNDERSIGNED APPOINTED ATTORNEY ON APPEAL (KATHERINE A. FERGUSON), COUNSEL FOR TYRONE D. ANDERSON SHE STATES SHE DILIGENTLY REVIEWED THE ENTIRE RECORD AND THE (LAW) APPLICABLE THERETO AND, IN HER OPINION, THE APPEAL IS WITH OUT MERIT AND WHOLLY FRIVOLOUS IN THAT THE RECORD REFLECTS NO REVERSIBLE ERROR. AND NO GROUNDS OF ERROR UPON WHICH AN APPEAL CAN BE PREDICATED.

AS IT IS APPARENT THAT THE APPELLANT IS DILIGENTLY PURSUED PERFECTION OF THE APPEAL, BY PRESENTING THESE FOUR ISSUES, THAT THE TRIAL COUNSEL AND APPEAL COUNSEL IGNORED AND CAUSED IMPEDIMENTS TO HIS LITIGATION OF THESE CLAIMS PRESENTED IN THIS ANDERS BRIEF. INCLUDING ALL CLAIMS WHOLLY SUPPORTED BY THE RECORD THERETO, THIS HONORABLE COURT IS ASKED TO CORRECT THE ABUSE OF THE UNDERSIGNED APPOINTED ATTORNEY KATHERINE A FERGUSON SBN# 06918050. SO NO OTHER AMERICAN SHALL BE SUBJECTED TO HER ABUSE. AND INQUIRE WHY SHE IS PROTECTING DEFENSE COUNSEL (CARI ANN ABRAMSON) BY NOT FILING INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL. THE RECORD SPEAKS FOR IT SELF IN THIS CASE AND IF A PERSON SUCH AS MY SELF CAN READ THE RECORD AND COME UP WITH FOUR ERRORS A COMPETENT COUNSEL OR APPELLANT COUNSEL SHOULD DO THE SAME OR MORE. THAT IS ONE OF THE SIXTH AMENDMENT GUARANTEES TO AN ACCUSED WHICH I WAS DENIED.

# TABLE OF CONTENTS

APPELLANT'S PLEA FOR LIBERAL OF SCRUTINY ..... i

IDENTITY OF THE PARTIES AND COUNSEL ..... ii

TABLE OF CONTENTS ..... ii

INDEX OF AUTHORITIES ..... iii

STATEMENT OF THE CASE ..... 1.

CERTIFICATE OF COUNSEL ..... 2.

SPECIAL STATEMENT TO THE COURT ..... 2.

STATEMENT OF THE FACTS ..... 3.

STATEMENT OF THE FACTS ..... 4.5.

ISSUES AND AUTHORITIES ..... 5.

INDICTMENT AND JURISDICTION ..... 5.

(POINT OF ERROR NUMBER ONE)

APPELLANT CONTENDS THE EVIDENCE ADDUCED AT THE GUILT/INNOCENCE STAGE OF HIS TRIAL WAS BOTH LEGALLY AND FACTUALLY INSUFFICIENT TO SUPPORT THE JURY'S FINDING OF GUILT; TRIAL COURT ERRED, IT FAILED TO INSTRUCT THE JURY ON ACCOMPLICE WITNESS JOHNNY FRANK ANDERSON, WHICH VIOLATES APPELLANTS DUE PROCESS RIGHTS:

(POINT OF ERROR NUMBER TWO)

APPELLANT CONTENDS HIS INDICTMENT WAS CONSTRUCTIVELY AMENDED, IN VIOLATION OF HIS FIFTH AMENDMENT RIGHT:

(POINT OF ERROR NUMBER THREE)

DOUBLE JEOPARDY VIOLATION:

(POINT OF ERROR NUMBER FOUR)

INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLANT COUNSEL:

PRAYER

UNSWORN DECLARATION

CERTIFICATE OF SERVICE

# INDEX OF AUTHORITIES

| FEDERAL CASES | PAGE |
| --- | --- |
| Jackson V. Virginia, 443 U.S. 307, 319, 99 S.CT 2781, 61 Led 2d 560 (1979) | 8. |
| United States V. Stirone, 262 F.2d 571, 574, (3d Cir 1958) | 10. |

APPELLANT:         TYRONE DENARD ANDERSON

DEFENSE COUNSEL AT TRIAL:         CARIANN ABRAMSON
        P.O. BOX 1683
        100 WEST BROAD ST. SUITE D
        FORNEY, TEXAS 75126-9108

APPELLANT's ATTORNEY ON APPEAL:         TYRONE DENARD ANDERSON
     PRO-SE         TDCJ #1944026
        W.P. CLEMENTS JR UNIT
        9601 SPUR 591
        AMARILLO TEXAS 79107

APPELLEE's ATTORNEY AT TRIAL:         STEVEN B. LILLEY
        ASSISTANT DISTRICT
        ATTORNEY.
        HUNT CO. DISTRICT
        ATTORNEY.
        P.O. BOX 441
        GREENVILL, TX 75403

APPELLEE's ATTORNEY ON APPEAL:         STEVEN B. LILLEY
        ASSISTAN D. A.
        HUNT CO. DISTRICT
        ATTORNEY OFFICE
        P.O. BOX 441 GREENVILLE, TX 75403

TRIAL JUDGE:         HON. RICHARD A. BEACOM, JR
        354TH JUDICIAL DISTRICT COURT
        P.O. BOX 1097
        GREENVILLE, TEXAS 75403-1097

| | Page |
|---|---|
| UNITED STATES V. MIZE, 756 F. 2d 353, 355 (5TH CIR 1985) | 11. |
| U.S. V. PARTIDA, 385 F. 3d 546 (5TH CIR 2004) | 12. |
| UNITED STATES V. HICKMAN, 331 F. 3d 439, 443 (5TH CIR 2003) | 12. |
| UNITED STATES V. COTTON, 535 U.S. 625, 631, 122 S.CT. 1781, 152 L.ed 2d 860 (2002) | 12. |
| ALBERNAZ V. UNITED STATES, 450 U.S. AT 343, 101 S.CT. AT 1144-45 | 13. |
| ILLINOIS V. VITAL, 447 U.S. 410, 415, 100 S.CT. 2260, 2264, 65 L.ed 2d 228 (1980) | 13. |
| UNITED STATES V. CHRISTNER, 66 F. 3d 922, 927 (8TH CIR 1995) | 13. |
| UNITED STATES V. GRUBBS, 829 F. 2d 18, 19 (8TH CIR 1987) | 13. |
| UNITED STATES V. JONES, 403 F. 3d 604, 607 (8TH CIR 2005) | 13. |
| BALL V. UNITED STATES, 470 U.S. 856, 865, 105 S.CT. 1668, 84 L.ed 2d 740 (1985 | 13. |
| UNITED STATES V. FORTENBERRY, 914 F. 2d, 621, 623 (5TH CIR 1990)) | 13. |
| RUTLEDGE V. UNITED STATES, 517 U.S. 292, 302-03, 116 S.CT. 1241, 134 L.ed 2d 419 (1996) | 14. |
| UNITED STATES V. TANN, 577 F. 3d 533, 539-40 (3d CIR 2009) | 14. |
| UNITED STATES V. PARKERY 508 F. 3d 434, 436, 440-41 (7TH CIR 2007) | 14. |
| CRONIC V. UNITED STATES, 466 U.S 648, 104 S.CT 2039, 80 L. ed 2d 657 (1984) | 18. |
| UNITED STATES V. MORRISON, 449 U.S. 361, 364, 101 S.CT. 665, 667 L.ed 2d 569 (1981 | 18. |
| CUYLER V. SULLIVAN, 446 U.S., AT 343, 100 S.CT, AT 1715 | 18. |

STATE CASES:

| | |
|---|---|
| VILLALON V. STATE, 791 S.W. 2d 130, 132 (TEX CRIM APP. 1990) | 8. |
| STELLERN V. STATE, 890 S.W. 2d 849, 879 (TEX. APP.-AUSTIN 1994, PET. REF'd) | 8. |
| HERNDON V. STATE, 787 S.W. 2d 408, 409 (TEX. CRIM. APP. 1990) | 8. |
| PAULUS V. STATE, 633 S.W. 2d 827, 843 (TEX. CRIM. APP. 1981) | 8. |
| WALKER V. STATE, 615 S.W. 2d 728, 731 (TEX CRIM. APP. 1981) | 8. |
| MUNIZ V. STATE, 853 S.W. 2d 558, 559 (TEX. CRIM. APP. 1993 | 8. |
| COCKER V. STATE 201 S.W. 3d 744 (TEX. CRIM. APP. 2006) | 8. |
| GRANGER V. STATE, 3 S.W. 3d 36, 38 (TEX. CRIM. APP. 1999 | 9. |
| MILLER V. STATE, 815 S.W. 2d 582, 585 (TEX. CRIM. APP. 1991) | 9. |
| HERRON V. STATE, 86 S.W. 3d 621, 632 (TEX. CRIM APP. 2002) | 9. |
| MORRISON V. STATE, 845 S.W. 2d 882, 887 (TEX. CRIM APP. 1992) | 9. |
| LADD V. STATE, 3 S.W. 3d 547 (TEX CRIM. APP. 1999) | 9. |
| CLEWIS V. STATE, 922 S.W 2d 126 | 9. |
| JONES V. STATE, 944 S.W. 2d 642, 647 (TEX. CRIM. APP 1996) | 9. |
| BROOKS V. STATE, 323 S.W. 3d 893 (TEX. CRIM APP.- 2010) | 12. |
| MALIK V. STATE, 953 S.W. 2d 234 (TEX CRIM APP. 1997) | 12. |
| GOLLIHAR V. STATE, 46 S.W. 3d 243 (TEX. CRIM. APP. 2001) | 12. |
| FULLER V. STATE, 73, S.W. 3d 256 (TEX CRIM. APP. 2002) | 12. |
| BAILEY V. STATE, 87, S.W. 3d 122, 126-28 (TEX. CRIM APP. 2002) | 13. |
| STEPHENS V. STATE, 806 S.W. 2d 812 (TEX CR. APP. 1990) | 15. |
| BYLANDER V. STATE, 101 S.W. 3d 107, 110 (TEX. CRIM. APP. 2003) | 15. |
| THOMPSON V. STATE, 9, S.W. 3d 808, 813 (TEX. CRIM APP. 1999), | 15. |
| GOODSPEED V. STATE, 187 S.W. 3d 390, 392 (TEX CRIM. APP. 2005) | 19. |
| SIMPSON V. STATE, 227 S.W. 3d 855 | 19. |
| EX PARTE NAPPER, 322 S.W. 3d 202 (TEX. CRIM APP. 2010) | 19. |
| PABLO LEPEZ V. STATE, 315 S.W. 3d 90 (TEX. APP.- HOUSTON [1ST DIST.] 2010 PET. FILED). | 19. |
| VASQUEZ V. STATE, 830 S.W. 2d 948, 951 (TEX. CRIM. APP 1992) | 20. |

STATE STATUTES:        8.

| | |
|---|---|
| TEX. CODE CRIM PROC. ANN ART. 38.14 (VERNON 1979) | |
| TEX. R. APP. P. 21.3 | |

NO. 06-14-00074-CR

IN THE COURT OF APPEALS SIXTH
DISTRICT OF TEXAS AT TEXARKNA

TYRONE DENARD ANDERSON
APPELLANT
VS.
THE STATE OF TEXAS
APPELLEE

ON APPEAL FROM THE 354th JUDICIAL DISTRICT COURT OF HUNT COUNTY, TEXAS
TRIAL COURT CAUSE NO. 29,512
HON. RICHARD A. BEACOM, JR JUDGE PRESIDING

BRIEF FOR APPELLANT

TO THE HONORABLE COURT OF APPEALS:
NOW COMES COUNSEL FOR APPELLANT AND RESPECTFULLY SUBMITS THIS
BRIEF PURSUANT TO THE PROVISIONS OF THE TEXAS RULES OF APPELLATE PROCEDURE.

(STATEMENT OF THE CASE)

THIS IS AN APPEAL OF THE JUDGMENT AND SENTENCE IN A CRIMINAL CASE IN THE 354th
JUDICIAL DISTRICT COURT OF HUNT COUNTY, TEXAS. THE APPELLANT WAS INDICTED FOR
THE OFFENSE OF MANUFACTURE/DELIVERY OF A CONTROLLED SUBSTANCE, PENALTY GROUP
ONE IN AN AMOUNT OF MORE THEN ONE GRAM IN A DRUG FREE ZONE. APPELLANT PLED
NOT GUILTY. APPELLANT ELECTED TO HAVE THE JURY ASSESS PUNISHMENT IN THE EVENT
OF A CONVICTION. THE JURY WAS DULY EMPANELED AND TESTIMONY TAKEN. ON MARCH
27, 2014, THE APPELLANT WAS WRONGFULLY CONVICTED OF THE OFFENSE OF DELIVERY OF A
CONTROLLED SUBSTANCE, NAMELY COCAINE. PENALTY GROUP ONE MORE THAN ONE GRAM
BUT LESS THAN FOUR GRAMS. THE JURY ASSESSED A SENTENCE OF LIFE INSTITUTION
DIVISION, TDCJ, NO FINE, AND COURT COST OF $266.25, AND A NUMBER OF SPECIAL
ASSESSMENT TOTALING $6,276.25. IN VIOLATION OF DOUBLE JEOPARDY. NOTICE OF APPEAL

WAS given on March 27, 2014 in the Trial Court. The Court. The Clerk's Record WAS filed on May 27, 2014. The Reporter's Record WAS filed on September 5, 2014. And Appellant Received a Copy of the Reporter's Record 8, December 2014. Appellant Counsel Katherine A. Ferguson sent a True and Correct Copy of the Anders brief in support of motion to withdraw To the Honorable Noble Walker, Hunt County District Attorney P.O. Box 441, Greenville, Texas 75403-0441 on the 25th day of November, 2014. And sent the same To Appellant/Tyrone Deward Anderson, TDCJ #01944026, William P. Clements Unit 9601 Spur 591, Amarillo, Texas 79017-9606 on this the 25th November, 2014.

## ( Certificate of Counsel )

In Compliance with Requirements of Anders V. California), 386 U.S. S.CT. 1396, 18 L.Ed 2d 493 (1966) and (Gainous V. State), 436 S.W. 2d 137, 138, (Tex. Crim. App. 1996 or 1969), The undersigned Appointed Attorney on Appeal for Tyrone-Deward Anderson States that she has diligently Reviewed The entire Record And the Law Applicable, thereto And, in her opinion, the Appeal is without merits and wholly frivolous in that the Record Reflects no Reversible Error. It is also the opinion of the undersigned Appointed Attorney on Appeal. that there Are no grounds of Error upon which an Appeal can be Predicated. The undersigned Appointed Attorney on Appeal has served a Copy of this brief, Clerk's Record, And Reporter's Record on Appellant.

At that time, the undersigned Attorney informed Appellant, by letter that, in her Professional opinion, The Appeal was without merit. The undersigned Attorney also explained that Appellant has The Right To Review the Record And File a Pro-se brief if he so desires.

## ( Special Statement To the Court of Appeals )

After Appellant's diligent Search of the Record, he has determined that the undersigned Appointed Attorney (Katherine A. Ferguson). Was ineffective, Assistance of Counsel on Appeal. The Record does contain several Error that in fact has merits, which an Appeal can be Predicated. The Record in this case would Reflect that the Appellant's State and Federal Constitutional Rights were not Protected at every Stage of the Proceedings. Appellant contends He was Represented by Incompetent Counsel at Trial and Appeal and most Critical Stages of the Trial Process. For the Reason stated Above The Appellant Request an Extention of Time from this Honorable Court for the filing of a Pro-se Brief. The Extention was Granted on-

Til, 6 March 2015. in which APPELLANT would show this Honorable Court, the errors these counsel's over looked. APPELLANT has knowledge that (Katherine A. Ferguson) and (Caria-ann Abramson) Along with Steven B. Lilley the Assistant District Attorney. The three are friends as well as colleagues.

( STATEMENT OF FACTS )

APPELLANT TYRONE DENARD ANDERSON (here in AFTER, APPELLANT) was in Custody in the Hunt County Jail. on Multiple Charges. (RR Vol. 3, 4: 2-7; 5: 2-6; 7: 19-8: 10) while in In. Custody, APPELLANT made several Phone Calls to his brother Johnny Frank Anderson on the Jail Recorded Phone System. (RR. Vol. 5, 31: 3-9; 37; 7-38: 22) (SX 1A) In the first call, APPELLANT asked his brother to retrieve some money that APPELLANT had hidden in a couch. (RR Vol. 5, 38: 17-22). In another call, APPELLANT Requested his brother to go to the APPELLANT's home and retrieve (that) something Hidden in his couch. (RR. Vol. 5, 39: 5-40: 11) All APPELLANT's calls were being Monitored By Detective Warren Mitchell, Greenville. P.D. (RR. Vol. 5, 31: 3-21) After hearing the second call made by APPELLANT, Detective Mitchell Tried to locate Johnny Frank Anderson. (RR Vol. 5, 41: 10-24) be cause he could not locate Johnny Frank Anderson, Detective Mitchell decided to call Johnny Frank Anderson, Utilizing his under-cover Persona of Scott." (RR. Vol. 5, 43: 6-17) As Scott, Detective Mitchell was Able to Convince Johnny Frank Anderson to bring to Scott the Marijuana he Retrieved from APPELLANT's couch. (RR. Vol 5, 44: 18-47: 4) The Police attempted to make a Traffic Stop on Johnny Frank Anderson on his way to meet with Scott. (RR Vol 5, 47: 15-23). Johnny Frank Anderson Evaded the Police (slowly) in his car, and then attempted to fled on foot when he Turned his car back to his Residence. (RR Vol 5, 47: 24-48: 10) As he was fleeing on foot, Johnny Frank Anderson threw a Ruffles Potato chip bag into some Shrubs near his house. (RR Vol 5, 48: 18-22) the officer Retrieved The Ruffles Potato chip bag and discovered inside of it numerous Plastic baggies, a baggie Containing Marijuana, hydrocodone Pills, and Pieces of Crack Cocaine. (RR. Vol 5. 55: 7-74: 6) (SX 3-13). Nick Grizzle, a forensic scientist At The Texas Department of Public Safty's Crime laborato-ry in Garland, Texas Testified As to the Contents of the Ruffles bag. (RR. Vol 5, 152: 16-169: 15). Grizzle identified That there was 2.44 grams of Cocaine in the Plastic bags contained with in the Ruffles Potato chip bag. (RR. Vol. 5, 157: 12-159: 8) (SX 23, 24) officer Jason Smith with the Greenville Police Depart-ment Testified About his involvement, including that he listened to APP-ELLANT's Phone calls and attempted The Traffic Stop on Johnny Frank Anderson

(RR.Vol.5, 170:5-182:9). Johnny Frank Anderson, the Appellant's brother, testified at trial. He stated that he received two phone calls from his brother (who used the nickname "Turtle"). (RR Vol.6, 7:9-8:6) Johnny Frank Anderson testified during the first phone call, he retrieved the money in a sock that was hidden in a couch in his residence, and as instructed he put $75.00 on Appellant's books at the jail and kept $25.00 for himself. (RR.Vol 6, 9:8-10:15) Johnny Frank Anderson testified that after receiving the second call from Appellant, he went over to the Appellant's house and looked in a hole in the couch, retrieved a plastic bag that was in there, and returned to his house claiming he left the plastic bag in his car never taking it in his house. (RR.Vol 6, 10:21-12:1). Johnny Frank Anderson stated he then received a phone call from someone identifying "himself as Scott" who said he had spoken with Appellant and that Johnny Frank Anderson was to take what he retrieved from Appellant's house and bring it to him. (RR Vol.6, 12:2-22). Johnny Frank Anderson testified that he looked in the plastic bag not mentioning a brown paper bag only plastic bag and he only saw marijuana in it. (nothing else). (RR Vol.6. 12:16-18) Johnny Frank Anderson then placed the plastic bag in a Ruffles potato chip bag. (RR Vol.6, 12:21-22) He left his residence, to meet with Scott, and the police attempted to make a traffic stop. (RR. Vol.6, 15:15-25) Johnny Frank Anderson testified he drove back towards his house, jumped from his car and slung the Ruffles potato chip bag into some bushes by his house. (RR Vol.6, 15:24-16:14) Sergeant Steve Walden with the Greenville Police Department testified about his interaction with Johnny Frank Anderson (RR.Vol.6, 55:1-57:18) Sgt. Walden testified that he saw Johnny Frank Anderson fling the potato chip bag, and that he looked inside it after it was recovered from the bushes and recognized drugs in it. (RR Vol. 6, 57:4-25) Sgt. Walden testified that from his experience, the contents of the potato chip bag were drugs that were packaged to be sold. (RR Vol.6, 59:24-60:10) The state rested its case, and trial counsel Cariann Abramson, for Appellant admitted two exhibits. (RR V.0l.6, 70:12-71:4) (DX 1,2) Appellant chose not to testify. (RR Vol.6, 71:16-17). The jury was duly charged (CR.66-71). After hearing the arguments of counsel, the jury deliberated and returned a wrongful verdict that Appellant was guilty of the possession of a controlled substance; namely cocaine, which was never mentioned by States witness Johnny Frank Anderson, in an amount of more than one gram but less than four grams, with the intent to deliver. (CR 71) (RR Vol.6, 111:20-25). The state proceeded to put the case for punishment. The state called Norris Nix, an investigator with the District Attorney's office, to identify previous convictions of Appellant on the basis of fingerprints.

NORRIS NIX TESTIFIED THAT APPELLANT HAD PRIOR FINAL FELONY CONVICTIONS IN CAUSE-NO. 16,825 IN THE 196th DISTRICT COURT OF HUNT COUNTY, TEXAS FOR POSSESSION OF A CONTROLLED SUBSTANCE (SX 30), CAUSE NO 18,679 IN THE 354th DISTRICT COURT OF HUNT COUNTY, TEXAS FOR ATTEMPTING TO TAKE A PEACE OFFICER'S WEAPON (SX 31), CAUSE NO 17,915 IN THE 354th DISTRICT COURT HUNT COUNTY, TEXAS FOR DELIVERY OF A CONTROLLED SUBSTANCE (SX 32), CAUSE NO. 16,274 IN THE 196th DISTRICT COURT OF HUNT COUNTY, TEXAS FOR POSSESSION OF A CONTROLLED SUBSTANCE (SX 34), AND CAUSE NO. 14,874 IN THE 196th DISTRICT COURT OF HUNT COUNTY, TEXAS FOR ROBBERY (SX 36). THE STATE RE-CALLED DETECTIVE WARREN MITCHELL FOR THE PURPOSE OF TESTIFYING THAT THE APPELLANT'S RESIDENCE WAS LOCATED IN A DRUG FREE ZONE. (RR. Vol 6, 155:14-189:6) OFFICER RUSSELL STILL WAGONER TESTIFIED ABOUT AN ENCOUNTER WITH APPELLANT IN 2012 AND APPELLANT'S ATTEMPT TO TAKE HIS WEAPON. (RR. Vol.6, 171:5-183:24). APPELLANT WAS ADMONISHED BY HIS TRIAL COUNSEL PRIOR TO BEING CALLED TO TESTIFYING IN THE PUNISHMENT PHASE AT HIS OWN REQUEST. (RR Vol.6; 184:12-14; 186:6-190:6; Vol.7, 5:8-6:7). APPELLANT TESTIFIED VERY BRIEFLY, AND WAS ADMONISHED BY THE TRIAL COURT NOT TO MAKE SPEECHES. (RR. Vol. 7, 11:17-15:8) THE JURY WAS DULY CHARGED TO CONSIDER THE PUNISHMENT OF APPELLANT. (CR 72-83) COUNSEL FOR THE STATE AND APPELLANT MADE ARGUMENTS ON PUNISHMENT AND THE JURY RETIRED TO CONSIDER ITS VERDICT. AFTER DELIBERATION, THE JURY DETERMINED THE DRUG FREE ZONE ENHANCEMENT PARAGRAPH WAS NOT TRUE (CR. 77), FOUND THE ENHANCEMENT PARAGRAPHS IN PARAGRAPHS 1,2 AND 3 WERE TRUE (CR 78-80), FOUND ENHANCEMENT PARAGRAPH 4 NOT TRUE (CR 81), AND SENTENCED THE APPELLANT TO LIFE IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION. (CR 83).

## ( ISSUES AND AUTHORITIES )
## ( INDICTMENT AND JURISDICTION )

THE INDICTMENT FAILED TO CONTAIN ALL THE ELEMENTS OF THE OFFENSE AS PRESCRIBED BY TEX. HEALTH & SAFTY CODE §§ 481.112(a), (c). THE INDICTMENT DID NOT CONFERR JURISDICTION UPON THE TRIAL COURT. TRIAL AND APPELLANT COUNSEL WAS INEFFECTIVE ASSISTANCE OF COUNSEL FOR NOT OBJECTING OR COMPLAINT ON THE RECORD REGARDING THE INDICTMENT;

## ( POINT OF ERROR NUMBER ONE )

APPELLANT CONTENDS THE EVIDENCE ADDUCED AT THE GUILT/INNOCENCE STAGE OF HIS TRIAL WAS BOTH LEGALLY AND FACTUALLY INSUFFICIENT TO SUPPORT THE JURY'S FINDING OF GUILT; TRIAL COURT ERRED, IT FAILED TO INSTRUCT THE JURY ON ACCOMPLICE WITNESS JOHNNY FRANK ANDERSON, WHICH VIOLATES APPELLANTS DUE PROCESS RIGHTS;

APPELLANT WAS charged by indictment with MANUFACTURE/DELIVERY OF A CONTROLLED SUBSTANCE, PENALTY GROUP ONE IN A AMOUNT OF MORE THAN ONE GRAM IN A DRUG FREE ZONE. He PLED NOT guilty AND THE CASE WAS TRIED TO A JURY. IT is UNCLEAR WHAT THE TRIAL COUNSEL'S DEFENSE WAS AT TRIAL. HOWEVER APPELLANT ARGUES THERE is AN INSUFFICIENT QUANTITY AND QUALITY OF EVIDENCE TO SUSTAIN THE VERDICT. ( BROOKS V. STATE ) NO. PD-0210-09 ( TEX. CRIM. APP. OCT 6, 2010 ).

The ONLY EVIDENCE AT TRIAL WAS TESTIMONY OF ACCOMPLICE, WITNESS, Johnny FRANK ANDERSON, AND A TELEPHONE CALL APPELLANT TELLING Johnny FRANK ANDERSON, TO go get (THAT'S) FROM his COUCH AND PUT it up for him. This Triggered THE POLICE who WAS LISTENING IN, This PROMPT DETECTIVE WARREN mitchell, To (INTRAP) Johnny FRANK ANDERSON To bring THE MARIJUANA DETECTIVE mitchell, ASSUMED APPELLANT WAS REFERRING TO ON his PHONE CALL TO his BROTHER Johnny FRANK ANDERSON. THE APPELLANT NEVER MENTION DRUGS IN ANY of his (116) PHONE CALLS. NOR did he direct Johnny FRANK ANDERSON TO RETRIEVE ANY DRUGS IN A STREET TERMS of ANY SORT. HOWEVER DETECTIVE mitchell, UTILIZING AN INTRAPMENT TECHNIQUE SUCH AS his UNDERCOVER PERSONA OF This FACTITIOUS PERSON NAMED SCOTT. ( RR. V. O1. 5, 43:-6-17), AS SCOTT, DETECTIVE mitchell coached Johnny FRANK ANDERSON IN To being INTRAPED To bring This FACTITIOUS PERSON NAMED SCOTT, SOME MARIJUANA he WENT To APPELLANTS house AND Allegally found IN A hole in his couch. APPELLANT CONTENDS he had ANOTHER PERSON who LIVED IN his house AND the only thing he had IN his couch AT his RESIDENCE WAS A START-ER PISTOL IN the hole of his couch. DETECTIVE mitchell ASSUMED it WAS DRUGS, NEVERTHELESS Johnny FRANK ANDERSON TESTIFIED THAT he looked IN THE PLASTIC bag AND SAW ONLY MARIJUANA IN it. ( RR. Vol. 6, 12:16-18). NOW AFTER Allegally RETRIEVING THE BAG OF MARIJUANA FROM APPELLANTS house Johnny FRANK ANDERSON TESTIFIED he RETURNED TO his RESIDENCE ON 3603 DALTON STREET. The PROSECUTOR Mr Lilley ASKED A QUESTION ( RR. V. 6. P. 12 Line 16-22) (Q.) NOW, WHEN you -- WHEN you looked inside the bag, WHAT did you SEE? (A.) IT WAS SOME -- SOME WEED. REFERRING To (MARIJUANA). (Q.) Did you see ANYthing ELSE WHEN you looked inside the bag AT THAT POINT? (A.) NO, I JUST, like I SAID, WRAPPED it IN the POTATO chip bag. Johnny FRANK ANDERSON STATED he GOT the POTATO chip bag FROM THE TRASH AT his OWN RESIDENCE NOT THE APPELLANT's. Johnny FRANK ANDERSON CLAIMS He NEVER TOOK THE BAG FROM his CAR INTO his house AND he DID NOT KNOW WHAT COLOUR THE PLASTIC bag WAS WHEN he SPOKE with PROSECUTOR Mr Lilley it WAS JUST PLASTIC. ( RR. Vol. 6. Line 20-22). HOWEVER ( RR. VOl 6. P. 12 Line 1-12) P.12, CLEARLY SHOWS Johnny FRANK ANDERSON WENT

Home. Johnny Frank Anderson tells mr Lilley it was a plastic Bag two colour but when cross-examined by ms. Abramson defense counsel he tells her I seen it (meaning marijuana through the top of the Brown Bag. After he speaks with mr Lilley about him making mistakes (RR. Vol. 6. P. 23 Line 1-5). In States exhibit #13, (3-25-2014) cause #29,512 shows if Johnny frank Anderson only seen a plastic Bag of marijuana then he had to add the rest of these items displayed in this exhibit #13. And he told the prosecutor the bag was plastic not paper so it goes to say he put these items in state exhibit #13 inside the Brown paper Bag, then in the Ruffles potato chip bag from his house. The only item he (Johnny frank Anderson) testified he took from appellants house was a plastic bag of weed which is (marijuana) he never mentioned crack cocaine or hydrocodone pills or any other drugs. Both the Brown and ruffle potato chip bag came from Johnny frank Anderson's home, and so did the (crack cocain) and (hydrocodone pills). Johnny frank Anderson was trying to get scott to sell all three drugs for him to help get a lawyer for appellant. The only thing appellant said on the second phone call was for Johnny frank Anderson to go get (that) and put it up for him. it meaning that was his (starter gun). The idea of manufacture/delivery drugs came in only when ~~Detective~~ DETECTIVE mitchell called Johnny frank Anderson and intraped him to bring the marijuana and Johnny frank Anderson added the crack cocain and hydrocodone pills himself. The $1200 that Johnny frank Anderson removed from the couch in 3603 Dalton Street was the money from a car accident, not selling drugs (RR. Vol. 6. P. 42 Line 12-16). Appellant contends Johnny frank Anderson was an accomplice witness and there is insufficient evidence corroborating the testimony of this accomplice witness, Johnny frank Anderson, that appellant committed the alleged offense of manufacture/delivery of a controlled substance. The indictment states did then and there, individually and/or acting together with Johnny frank Anderson, knowingly possess, with intent to deliver, a controlled substance, namely: cocaine; in an amount of one gram or more but less than four grams. On or about 29 october 2013, the instant case appellant argues he was convicted of possession of a controlled substance namely cocaine, but the only witness/accomplice witness Johnny frank Anderson, clearly told the jury the only thing he removed from appellant's house was (marijuana) nothing else. However after Johnny frank Anderson claimed he took the bag of marijuana from appellants home he went to his home and received two phone calls from someone who claimed to be scott. And told Johnny frank Anderson what was in the Bag. And to bring the Bag Back to appellants house. Johnny frank Anderson then claimed he

Never removed the Plastic Bag from his Car, And he went To get his mail from the house only so he could get his Car Tags. But he forgot he went into The house And Retrieved A Brown Paper Bag And A Riffel Potato Chip Bag. Thus The evidence is both legally And factually insufficient To support the Jury's finding of guilt of Possession of A controlled substance namly (Cocaine). The standard of Reviewing The legal sufficiency of The evidence is whether, Viewing All The evidence in the light most favorable To The Jury's verdict, Any Rational Trier of fact could have found beyond A Reasonable doubt the essential elements of The offense. charged. (Jackson v. Virginia) 443 U.S. 307, 319, 99 S.CT. 2781, 61 L.Ed 2d 560 (1979); (Villalon v. State), 791 S.W. 2d 130, 132 (Tex. Crim. App. 1990); (Skillern v. State), 890 S.W. 2d 849, 879 (Tex. App. - Austin 1994, Pet. Ref'd). The standard of Review is The same in both Direct And circumstantial evidence cases. (Herndon v. State), 787 S.W. 2d. 408, 409 (Tex. Crim. App. 1990).

Appellant claims The evidence never measured up To the Requirement of Article 38.14 which Provides:

A conviction cannot be had upon the Testimony of An Accomplice unless corroborated By other evidence, Tending To connect the defendant with the offense committed, And the corroboration is not sufficient if it merly shows The commission of the offense. (Tex. Code Crim Proc. Ann. Art. 38.14 (Vernon 1979).

IT is clear from the Statute That The Testimony of An Accomplice witness Alone cannot furnish the basis for A conviction And A conviction so based must be Reversed. (Paulus v. State), 633 S.W. 2d, 827, 843 (Tex. Crim. App. 1981.) And this Is True no matter how complete A case Against The defendant may have been made by the Accomplice witness's Testimony, And no matter how much credit the Jury might have given to such Testimony. Id; (Walker v. State) 615. S.W. 2d 728, 731 (Tex. Crim. App. 1981). An Accomplice witness has been described As A discredited witness. See (Munoz v. State) 853 S.W. 2d 558, 559 (Tex. Crim. App. 1993). IT has been said That The Testimony of An Accomplice witness must be viewed with caution And carefully scrutinized not only because of Any interest such witness might have, but because His Testimony is evidence from A corrupt source. (Paulus), 633 S.W. 2d. At 843.

In The instant case. The Record clearly shows Johnny Frank Anderson was An Accomplice As (A matter of Law) see (RR. Vol. 6 P. 18. Line 4-8). see (Cocke v. State) 201. S.W. 3d 744. (Tex. Crim. App. 2006). if A witness is An Accomplice As A matter of Law, A Trial court is Required To Provide An Accomplice witness instruction To The Jury Sua-Sponte. Thus The Trial court errored by not Sua-Sponte instructing The Jury on

ACCOMPLICE WITNESS Johnny Frank Anderson AS A MATTER OF LAW, E.g. THE WITNESS HAS BEEN INDICTED FOR THE SAME OFFENSE, A QUESTION ABOUT WHETHER A PARTICULAR WITNESS IS AN ACCOMPLICE, IS PROPERLY LEFT TO THE JURY WITH AN INSTRUCTION DEFINING THE TERM ACCOMPLICE. VERNONS ANN. TEX. C.C.P. ART. 38:14.

IT IS WELL SETTLED THAT A DEFENDANT HAS A RIGHT TO AN INSTRUCTION ON ANY DEFENSIVE ISSUE RAISED BY THE EVIDENCE, WHETHER THAT EVIDENCE IS WEAK OR STRONG, UNIMPEACHED OR CONTRADICTED, AND REGARDLESS OF WHAT THE TRIAL COURT MAY THINK ABOUT THE CREDIBILITY OF THE EVIDENCE, (GRANGER V. STATE), 3 S.W. 3d 36, 38 (TEX. CRIM APP. 1999). THIS RULE IS DESIGNED TO ENSURE THAT THE JURY, NOT THE JUDGE DECIDES THE CREDIBILITY OF THE EVIDENCE. Id. (CITING MILLER V. STATE), 815 S.W. 2d 582, 585 (TEX. CRIM APP. 1991) IN THE INSTANT CASE THE PURPOSE OF THE INSTRUCTION, THEREFORE, IS NOT TO CAST SUSPICION ON THE TESTIMONY PROVIDED BY THE ACCOMPLICE OR TO ENCOURAGE JURORS TO GIVE IT LESS WEIGHT THAN OTHER TESTIMONY. RATHER, THE INSTRUCTION MERELY REMINDS THE JURY THAT IT CANNOT USE THE ACCOMPLICE'S TESTIMONY TO CONVICT THE DEFENDANT UNLESS THERE ALSO EXISTS SOME NON-ACCOMPLICE TESTIMONY TYING THE DEFENDANT TO THE OFFENSE. (HERRON V. STATE), 86 S.W. 3d 621, 632 (TEX. CRIM. APP. 2002). NON-ACCOMPLICE EVIDENCE THAT DOES NO MORE THAT SHOW THAT THE OFFENSE WAS COMMITTED IS INSUFFICIENT CORROBORATION. JUROR CANNOT BE EXPECTED TO KNOW EXACTLY HOW TO USE THE EVIDENCE UNLESS WE TELL THEM, NOR CAN WE GUARANTEE THAT THEY WILL REMAIN OPEN-MINDED. WITHOUT AN LIMITING INSTRUCTION SUBMISSION OF THE JURY CHARGE, THE JURY IS ALLOWED TO CONSIDER THE EVIDENCE IN AN INAPPROPRIATE MANNER DURING TRIAL (MORRISON V. STATE), 845 S.W. 2d 882, 887 (TEX. CRIM. APP. 1992)). APPELLANT CONTENDS THAT HE IS ENTITLED TO A JUDGEMENT OF ACQUITTAL BECAUSE THE EVIDENCE WAS BOTH LEGALLY AND FACTUALLY INSUFFICIENT TO SUPPORT THE JURY'S FINDING OF GUILT. (LADD V. STATE), 3 S.W. 3d 547 (TEX. CRIM. APP. 1999). IN ASSESSING THE FACTUAL SUFFICIENCY OF THE EVIDENCE, UNDER (CLEWIS V. STATE), 922 S.W. 2d 126. TO SUPPORT A CONVICTION, WE CONSIDER ALL OF THE EVIDENCE IN A NEUTRAL LIGHT COMPARING THE EVIDENCE WHICH TENDS TO PROVE GUILT TO THE EVIDENCE, IF ANY, WHICH TEND TO DISPROVE GUILT, AND DETERMINE WHETHER THE EVIDENCE PREPONDERATE GREATLY AGAINST THE JURY'S FINDING OF GUILT. (JONES V. STATE), 944 S.W. 2d 642, 647 (TEX. CRIM. APP. 1996) CERT. DENIED ___ U.S. ___ 118 S.CT. 100, 139 L.Ed 2d 54 (1997). IF THE EVIDENCE PREPONDERATES GREATLY AGAINST THE JURY'S FINDING OF GUILT, THEN WE MUST REMAND FOR A NEW TRIAL, SO THAT A SECOND JURY WILL HAVE A CHANCE TO EVALUATE THE EVIDENCE. (CLEWIS V. STATE) 922 S.W. 2d AT 133-134. (BROOKS V. STATE), 323 S.W. 3d 893 (TEX. CRIM. APP. 2010). HARM IS SHOWN AND APPELLANT REQUEST AN ACQUITTAL OR DISMISSAL OF THE CHARGES, OR REMAND WITH INSTRUCTION.

APPELLANT CONTENDS his INDICTMENT WAS CONSTRUCTIVELY AMENDED, IN VIOLATION OF his fifth AMENDMENT RIGHTS:

APPELLANT WAS INDICTED which READS, did THEN AND THERE, individually AND/OR ACTING TogeTher with Johnny FRANK ANDERSON, KNOWINGLY POSSESS, with INTENT TO deliver, A CONTROLLED SUBSTANCE, NAMELY: CO CAINE IN THE AMOUNT OF ONE GRAM OR MORE bUT less THAN four GRAMS.

AND it is further PRESENTED IN AND TO SAID COURT THAT THE defendANT committed THE ABOVE OFFENSE IN, ON, OR within 1,000 feeT OF THE PREMISES OF A PLAY ground, To wiT: GRAHAM PARK IN GREENVILL, TEXAS:

TO PROVE AN CONSTRUCTIVE AMENDMENT OF THE INDICTMENT OCCURRED, SEE (UNITED STATES V. STIRONE) 262 F.2d 571, 574 (3d cir 1958), which ARE REVERSIBLE PER SE. AND VARIANCE beTween INDICTMENT AND PROOF, which ARE EVALUATED UNDER THE harmless ERROR docTRINE. The ACCEPTED TEST is THAT A CONSTRUCTIVE AMENDMENT OF THE INDICTMENT occurs WHEN THE JURY is PERMITTED To CONVICT THE defendANT UPON A FACTUAL bAsis ThAT EFFECTIVELY modifies AN ESSENTIAL eleMENT OF THE OFFENSE charged [IN THE INDICTMENT]... IN Such CASES, REVERSAL IS AUTOMATIC, BECAUSE THE defendANT may hAUE been CONVICTED ON A ground NOT charged IN THE indicTMENT. THERE THE defendANT WAS charged AND CONVICTED OF A CONTROLLED SUBSTANCE, NAMLY: CO CAINE. HoweVER AT TRIAL ACCOMPLICE wiTNESS Johnny FRANK ANDERSON TESTIFIED he REC-EIVED A SECOND PhONE CALL From APPELLANT / his BROTHER So Johnny FRANK ANDERSON WENT To His BROTHER's home ON (GILLES PIE STREET), AND looked IN To A hole where he PULLED OUT A BAG. (RR. Vol. 6 P. 11 Line 20-22) The PROSECUTOR is DIRECT EXAMINATING STATE WITNESS Johnny FRANK ANDERSON = (Q) WhAT COLOUR WAS THE BACK OR THE bAG? DO yOU REMEMBER? (A) I think iT WAS A PlASTic BAG. AT Johnny FRANK ANDERSON's home PAGE #12 he RECEIVED A PhONE CALL From A mAN NAMED (SCOTT), (RR. Vol. 6 P. 12 Line 8-12) This PROVES Johnny FRANK ~~Anderson~~ WAS INside his home ON (3603 DAITON STREET). with THE BAG he AllegAlly RETRIEVED From his BROTHER's / APPELLANT's home ON (GILLES PIE STREET). Line 8 (A) Well, I looked iNTo THE BAG -- which he sAid he SPOKEN To (TURK / APPELLANT) AND TURK Told him To come by To geT IT So I gAVE him (meANING SCOTT) my AddRESS -- AND I SEEN WhAT iT WAS (meANING weed) AND I PUT iT iN A POTATO chip bAG AND then SCOTT Told me ThAT TURK sAid for him To come by AND geT it. Line 16 The PROSECUTOR mr Lilley Asked (Q) NOW, when yOU -- when yOU looked ed INside THE bAG, WhAT did yOU see? Johnny FRANK ANDERSON (A) IT WAS some weed. (meANING MARIJUANA). (Q) Line 19-20 Did yOU see ANY Thing ELSE when yOU looked

Inside The BAG AT THAT POINT? (A) NO, I JUST, like, I SAID WRAPPED it in The POTATO chip BAG. (Q) where did you GET The POTATO chip bag from? (A) AT The TRASH. (Q). Which house? Doyou Remember? Page 13 (A) AT my house (Q) AT your home (A) YEAH. APPELLANT CONTENDS THAT STATE witness/Accomplice witness Johnny FRANK ANDERSON CLEARLY Told The JURY he went To APPELLANTs home And looked in A hole in The couch There he found A BAG which he claimed was PlAsTic, when he looked in The bag he only found some weed (which is mari juana). when Asked WAS There Any Thing else in The Bag when you looked he ANSWERED (NO). There fore The crack COCAINE And The capsols of hydrocodone Pill he was found with later from being INTRAPED by The Police was Products of his individual Actions. NOT WHAT APPELLANT Told him To go AND RET-RIVE from his house. if in FACT There WAS WEED/MARIJUANA in APPELLANTS couch it Belonged To HIS Room mate's. BECAUSE IN A BLACK bag in his couch WAS A STARTER Pistol That is what the APPELLANT Told Johnny FRANK Anderson To go GET There WAS NO mention of DRUGS in Any of APPELL-ANTs Phone CALLS. SO JUST CONCLUSORY AllegATion from The PROSECUTOR MR Lilley THAT The JURY WAS Allowed To convict The APPELLANT of A Possession of A controlled substance NAMELY CO-CAINE when The only witness never mentioned he RETRIVED COCAINE from APPELLANT Reside-NCE. AND officer claimed in his years of experience he could ACTUALLY know WHAT on some ONE's mind And WHAT he ACTUALLY meant when APPELLANT Told Johnny FRANK ANDERSON To go To his home And get That? Officer (WARREN mitchell) MUST have been Blessed with A SPECIAL gift of mind Reading which no other human being has on EARTh, or he came To A (CONCLUSORY AllegATion) on his own. AND CONCLUSORY AllegATions Are NOT PROOF Beyond A REASONABLE doubt. The witness Johnny FRANK Anderson TESTIFIED The only Thing he seen in The bag he RETRIEVED from APPELLANTs house was weed. And he was ques Tioned Again by PROSECUTOR MR Lilley WAS There Any Thing Else in That BAg he clearly said no. And this witness is quite familiar with crack COCAINE And All Types of DRUGS he use To sell them so he knows if The crack COCAINE WAS in The BAG he went To APPELLANTs house To get. Johnny FRANK Anderson Also Received A deal for his TESTim-ony And he Told The Truth There WAS NO other DRUGS in The BAG EXCEPT weed And he Told The officers he Thought he was going To get some more money. APPELLANT Argues His conviction Should be REVERSED because the substitution AT Trial of A NEW element of the offense (high SEAS JURISDICTION) for The one contained in The IndicTment (The witness clearly stated he seen weed in The bag, NOT crack cocaine) IS A FATAl VARIANCE between The indicTment And PROOF. See e.g. (Stroce V. UNITED STATES); (UNI-Ted STATES V. mize) 756 F 2d 353, 355 (5th cir 1985). Thus The description in A contr-olled substance PROSECUTION, Those descriptions Are NECESSARY To give, The defendant.

NOTICE OF THE CHARGED OFFENSE AND PROTECT HIM AGAINST DOUBLE JEOPARDY. IN THE INSTANT CASE IT DOES NOT PROTECT AGAINST DOUBLE JEOPARDY VIOLATION, AND ALSO IN THIS CASE, THE STATE FAILED TO PROVE THE APPELLANT POSSESSED A CONTROLLED SUBSTANCE NAMELY COCAINE. UNDER (MALIK V. STATE), 953. S.W 2d B234 (TEX. CRIM. APP. 1997); (GOLLIHAR V. STATE), 46 S.W. 3d 243 (TEX. CRIM. APP. 2001); (FULLER V. STATE), 73 S.W. 3d 250 (TEX. CRIM. APP. 2002). THE STATE FAILED TO PROVE THE SPECIFIC OFFENSE CHARGED, AND APPELLANT IS ENTITLED TO AN ACQUITTAL OF THAT SPECIFICALLY CHARGED OFFENSE. THE STATE CANNOT BE PROSECUTE FOR THAT ALLEGED OFFENSE AND NO COURT NEED ADDRESS THE ISSUE OF WHETHER THE STATE MAY REPROSECUTE UNDER A DIFFERENT CHARGING INSTRUMENT. THE DESSENT IN (BAILEY V. STATE) 87, S.W. 3d 122, 126-28 (TEX. CRIM. APP. 2002). APTLY NOTED!! THE HAVOC THAT THE WORD VARIANCE HAS CAUSED IN OUR CASE LAW. INDEED, THAT IS CORRECT. WE AGREE WITH THE BAILEY DISSENT THAT THE WORD VARIANCE OUGHT TO BE USED TO DESCRIBE, INSTANCES IN WHICH THERE IS A MINOR DISCREPANCY BETWEEN THE FACTS ALLEGED AND THOSE PROVED, SUCH AS A DIFFERENCE IN SPELLING, IN NUMERICAL DIGITS, OR IN SOME OTHER MINOR WAY. HOWEVER WHEN THE DISCREPANCY BETWEEN THE CHARGING INSTRUMENT ALLEGATION AND THE PROOF AT A POSSESSION TRIAL IS THAT OF AN ENTIRELY DIFFERENT SUBSTANCE THAT DISCREPANCY IS NOT MERELY A VARIANCE, IT IS A FAILURE OF PROOF. APPELLANT CONTENDS HIS INDICTMENT WAS CONSTRUCTIVELY AMENDED, BECAUSE THE JURY WAS ALLOWED TO CONSIDER THE SUBSTANCE OF COCAINE, WHEN IN FACT THE WITNESS/ ACCOMPLICE WITNESS TESTIFIED THAT THE SUBSTANCE HE RETRIEVED FROM APPELLANT'S HOUSE WAS ONLY MARIJUANA. THE WITNESS TOLD THE PROSECUTOR THAT WAS THE ONLY ITEMS IN THE BAG WHEN HE PUT THE MARIJUANA IN THE RUFFELS POTATO CHIP BAG. IN (US. V. PARTIDA) 385, F 3d 546 (5th CIR 2004). A CONSTRUCTIVE AMENDMENT OF AN INDICTMENT OCCURS WHEN THE JURY IS PERMITTED TO CONVICT A DEFENDANT BASED ON AN ALTERNATIVE BASIS PERMITTED BY STATUTE, BUT NOT CHARGED IN THE INDICTMENT. APPELLANT CONTENDS HIS INEFFECTIVE TRIAL COUNSEL FAILED TO OBJECT AT TRIAL THUS THE APPROPRIATE STANDARD OF REVIEW IS PLAIN ERROR. (UNITED STATES V. HICKMAN), 331 F 3d 439, 443 (5th CIR 2003). THE ERROR IS PLAIN ONLY WHEN IT IS CLEAR OR OBVIOUS AND AFFECTS THE DEFENDANT'S SUBSTANTIAL RIGHTS, i.e., THE ERROR MUST HAVE AFFECTED THE OUTCOME OF THE DISTRICT COURT'S PROCEEDINGS. Id. IF THESE CONDITION ARE MET, THEN WE MAY REVERSE ONLY IF THE ERROR SERIOUSLY AFFECTS THE FAIRNESS, INTEGRITY, OR PUBLIC REPUTATION OF JUDICIAL PROCEEDINGS. (UNITED STATES V. COTTON) 535 U.S. 625, 631, 122 S. CT. 1781, 152 Led 2d 860 (2002). IN (PARTIDA) THE SAME AS THE INSTANT CASE, ARGUES THAT THE DISTRICT COURT ERRED IN ITS JURY INSTRUCTIONS BY CONSTRUCTIVELY AMENDING THE INDICTMENT TO PERMIT THE JURY TO CONVICT ON GROUNDS NOT ALLEGED IN COUNT 1 IN THE INDICTMENT. HARM IS SHOWN RELIEF BY WAY OF AN ACQUITTAL OR REMAND WITH INSTRUCTION.

Double Jeopardy Violation:

IN (STEPHENS V. STATE) 806 S.W. 2d 812 (TEX. CR. APP. 1990). DOUBLE JEOPARDY, HAS THREE SEPARATE GUARANTEES ARE RECOGNIZED IN double Jeopardy Clause: PROTECTION AGAINST REPROSECUTION FOR SAME OFFENSE Following ACQUITTAL; PROTECTION AGAINST REPROSECUTION FOR SAME OFFENSE following CONVICTION; AND PROTECTION AGAINST MULTIPLE Punish-MENTS FOR SAME OFFENSE. (ALBERNAZ V. UNITED STATES), 450 U.S. AT 343, 101 S.CT. AT 1144 -45; (Illinois V. Vital), 447 U.S. 410, 415, 100 S.CT. 2260, 2264, 65 L.Ed 2d 228 (1980): The Third PROTECTION AGAINST MULTIPLE Punishments FOR SAME OFFENSE, this PROTECTION APPELLANT ARGUES WAS VIOLATED by 6,276.25 SPECIAL ASSESSMENT which SUBJECTS APPELLANT TO MULTIPLE PUNISHMENTS FOR THE SAME OFFENSE. The Judgement OF CONVICTION by JURY, The $425.00 ON THE FACE OF THE Judgement SHEET AND A NUMBER OF THE hidden FINES listed IN THE DOCUMENT (STATEMENT CRIMINAL COST BILL), DATED APRIL 2, 2014. Some 6 days AFTER The Judge.ment. That would be ATTACHED IN THE EXHIBITS. This PROVES without A doubt APPELLANT WAS SUBJECTED TO MULTIPLE SPECIAL ASSESSMENTS IN VIOLATION OF his DOUBLE JEOPARDY Clause. Thus BECAUSE APPELLANT WAS ORDERED TO PAY MULTIPLE SPECIAL ASSESSMENTS. IN light OF The double JEOPARDY VIOLATION, The Additional $425.00 AND other listed hidden fin-ES SUBJECTED APPELLANT TO MULTIPLE PUNISHMENTS FOR THE SAME OFFENSE. SEE (UNITED-STATES) V. CHRISTNER), 66 F 3d 922, 927 (8th CIR 1995) (CONCLUDING THAT MULTIPLE STAT-UTORY SPECIAL ASSESSMENTS CONSTITUTED MULTIPLE PUNISHMENTS, WITH IN THE MEANING OF THE double JEOPARDY CLAUSE" (citing UNITED STATES V. GRUBBS), 829 F 2d 18, 19 (8th CIR 1987) (Per CURIAM)). WE CONCLUDE THAT this Additional PUNISHMENT HARMED APPELLANT. SEE (UNITED STATES V. JONES), 403 F.3d 604, 607 (8TH CIR 2005). The $425.00 STATUTORY SPECIAL ASSESSMENT THAT THE defendant RECEIVED FOR his CONVICTION is A COLLATERAL CONSEQUENCES OF his CONVICTION THAT CONSTITUTES ACTUAL HARM (PREJUDICE); SEE ALSO (BALL V. UNITED STATES, 470 U.S. 856, 865, 105 S.CT. 1668, 84 L.Ed.2d 740 (1985). This POTENTIAL ADVERSE COLLATERAL CONSEQUENCES THAT may NOT be ignored. Failure TO Remedy such A CLEAR-VIOLATION OF A CORE CONSTITUTIONAL PRINCIPLE Would be ERROR so obvious that an failures To NOTICE it would seriously AFFECT The FAIRNESS, INTEGRITY, OR Public REPUTATION OF THE Judicial PROCEEDINGS AND RESULT IN A MISCARRIAGE OF JUSTICE." (UNITED STATES V. OGBA), 526 F.3d 214, 238 (5TH CIR 2008) (FIRST ALTERATION IN ORIGINAL) (QUOTING UNITED STATES V. FORTENBERRY), 914 F 2d 671, 673 (5TH CIR 1990)) REVERSING A CONVICTION ON PLAIN ERROR REVIEW AFTER Find-ing A double JEOPARDY VIOLATION because The defendant WAS SUBJECTED TO MULTIPLE-

SPECIAL ASSESSMENTS). Accordingly concluding that the double jeopardy violation is a plain error, warranting reversal of Appellant's conviction and sentencing. See (Rutledge V. United States), 517 U.S. 292, 302-03, 116 S.CT. 1241, 134 Led. 2d 419 (1996) Vacating his conviction because $425.00 assesment on the conviction amounts to cumulative punishment not authorized by congress); (Ball), 470 U.S. AT 865, 105 S.CT. 1668 this conviction, even if it results in no greater sentence, is an impermissible punishment.); (United States V. Tann), 577 F. 3d 533, 539-40 (3d Cir 2009). (following Ball and Rutledge, numerous courts of appeals have concluded that a defendant's substantial rights are affected by the additional, unauthorized conviction, even when the immediate practical effect may not increase the defendants prison term, or may only be a negligible assessment.); (United States V. Parker), 508 F 3d 434, 436, 440-41 (7th cir 2007). (Reversing a conviction on plain error review where the defendant was subjected to an additional $100. special assessment.S [606 F 3d 953]. harm is shown) Appellant request a remand for a new trial.

Ineffective Assistance of Trial and Appellant counsel's:

(Applicable Law and Standard of Review) To Prevail on a claim of ineffective Assistance of counsel, appellant must show that his attorney's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for his attorney's errors, the results of the proceeding would have been different. (Rylander v. State), 101 S.W. 3d 107, 110 (Tex. crim. App. 2003). Appellant has the burden of proving by a preponderance of the evidence that counsel was ineffective. (Thompson v. State), 9 S.W. 3d 808, 813 (Tex. crim App. 1999). A claim of ineffective assistance must be firmly found in the record" and the record must affirmatively demonstrate the claim, has merit. (Goodspeed v. State), 187 S.W. 3d 390, 392 (Tex. crim. App. 2005) (quoting (Thompson), 9 S.W. 3d at 813). Appellant argues that his trial or appellant counsel failed to raise the issue the evidence was legally and factually insufficient to support the Jury verdict / finding of guilt. The Record is not silent to this issue because RR. Vol. 6 P. 12. Line 16-22 Defense counsel, ms Abramson, cross-examination. (Q) now, when you -- when you looked inside the bag, what did you see? (A) It was some -- some weed (meaning marijuana) (Q) Did you see anything else when you looked inside the bag at that point? (A). no, I just, like I said, wrapped it in the potato chip bag. With that portion of the record being read by competent trial or appellant counsel one would infer that the witness / Accomplice, witness only noticed (marijuana / weed) was found at his Brother's house the appellant. And appellant contend the — eye witness told the court he looked in the bag and only seen "weed" and nothing else. crack cocaine and hydrocodone pills showed up when state witness Johnny frank Anderson, switched bags at his house or in his car, its unclear from his testimony if he took the bag in his house or left it in his car, nevertheless, this accomplice witness testified he only retrieved weed from appellant's home and nothing else. And the evidence is legally and factually insufficient to prove. The standard for reviewing the legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Jury's verdict, any rational, trier of facts could have found beyond a reasonable doubt the essential elements of the offense charged. (Jackson v. Virginia), 443 U.S. 307, 319, 99 S.CT. 2781, 61 Led 2d 560 (1979); (Villalon v. State) 791 S.W. 2d. 130, 132 (Tex crim. App. 1990); (Skillern v. State) 890 S.W. 2d 849, 879 (Tex App.—Austin 1994, pet. ref'd). the same standard of review is in both direct and circumstantial evidence cases. (Herndon v. State), 787 s.w. 2d 408, 409 (Tex crim. App. 1990). neither counsel at trial or appeal raised this issue or objected and requested a mistrial or Direct verdict at the close of

EVIDENCE OR THE STATE'S CASE. THUS ALLOWING THE JURY CHARGE AND THE JURY TO CONVICT APPELLANT OF OF KNOWINGLY (POSSESS) WITH INTENT TO DELIVER A CONTROLLED SUBSTANCE, NAMELY COCAINE IN AN AMOUNT OF ONE GRAM OR MORE BUT LESS THAN FOUR GRAMS (THE INDICTMENT READS APPELLANT AND his BROTHER JOHNNY FRANK ANDERSON, KNOWINGLY "POSSESS") A CONTROLLED SUBSTANCE, NAMELY COCAINE. HOWEVER THE HEADING OF THE INDICTMENT E.G. THE FACE OF THE INDICTMENT CAUSE NUMBER 29,512 STATES THE CHARGE (MANUFACTURE/DELIVERY OF A CONTROLLED SUBSTANCE, PENALTY GROUP ONE IN AN AMOUNT OF MORE THAN ONE GRAM IN A DRUG FREE ZONE). THE WORD (POSSESSION) IS NOT CONTAINED IN THIS INDICTMENT. THAT THE HEADING CHARGE. PARAGRAPH. STATES APPELLANT AND JOHNNY FRANK ANDERSON, KNOWINGLY POSSESS, WITH THE INTENT TO DELIVER, A CONTROLLED SUBSTANCE. NAMELY COCAINE IN AN AMOUNT OF ONE GRAM OR MORE BUT LESS THAN FOUR GRAMS. AND THE (CHARGE OF THE COURT) STATES THE DEFENDANT, TYRONE DENARD ANDERSON, STANDS CHARGED BY INDICTMENT WITH THE OFFENSE OF POSSESSION OF A CONTROLLED SUBSTANCE, NAMELY COCAINE. THE INDICTMENT AND (CHARGE TO THE JURY) ARE CONFUSING AND MISLEADING. BUT THE TRIAL COUNSEL OR APPELLANT COUNSEL BOTH FAILED TO RAISE OR PRESERVE THE ISSUE. APPELLANT NOR HIS BROTHER JOHNNY FRANK ANDERSON NEVER MENTIONED THE WORD DRUGS OR CRACK (COCAINE). AND INFORMANT/ACCOMPLICE WITNESS JOHNNY FRANK ANDERSON CLEARLY TESTIFIED THE ONLY THING HE SEEN IN THE BAG HE TOOK FROM HIS BROTHERS HOME THE APPELLANTS HOME WAS A PLASTIC BAG OF WEED NOTHING ELSE. SO THE STATE FAILED TO PROVE THE ELEMENT OF THE OFFENSE CRACK COCAINE WAS EVER IN THE POSSESSION OR POSSESS BY APPELLANT. APPELLANT CONTENDS BOTH COUNSELS WERE INEFFECTIVE ASSISTANCE FOR PRESERVING THE ISSUE THAT THE VERDICT IN THIS CAUSE IS CONTRARY TO THE LAW AND THE EVIDENCE SEE TEX. R. APP. P. 21.3 SPECIFICALLY, THE STATE FAILED TO ESTABLISH BEYOND A REASONABLE DOUBT, THAT THE APPELLANT OVER THE PHONE TOLD HIS BROTHER JOHNNY FRANK ANDERSON TO GO TO HIS HOME AND LOOK IN TO HIS COUCH A HOLE UNDER THE PILLOW AND RETRIVE CRACK COCAINE OR ANY DRUGS. ADDITIONALLY, TAKEN ON ITS FACE THE EVIDENCE ADDUCED AT TRIAL DID NOT SHOW THE APPELLANT COMMITTED ANY SORT OF CRIME WHAT SO EVER, NO DRUGS WERE EVER FOUND ON HIM, NO DRUGS WERE FOUND AT HIS HOUSE. APPELLANTS FINGER PRINTS WAS NOT FOUND ON ANY OF THE ITEMS RECOVERED ONLY JOHNNY FRANK ANDERSON. FOR THIS REASON STATED ABOVE THE APPELLANT CONTENDS THAT THE EVIDENCE USED TO SUSTAIN THE CONVICTION AGAINST HIM IS BOTH LEGALLY AND FACTUALLY INSUFFICIENT, AND THE STATE FAILED TO PROVE THAT SPECIFIC OFFENSE. THESE TWO COUNSEL WAS INEFFECTIVE ASSISTANCE FOR FAILING TO RAISE THE ABOVE ISSUES. ALSO THESE COUNSEL'S FAILED TO RAISE JOHNNY FRANK ANDERSON WAS AN ACCOMPLICE AS A MATTER OF LAW AND THE TRIAL COURT FAILED TO INSTRUCT THE JURY ON THAT SPECIFIC LAW APPLICABLE TO THE CASE. APPELLANT CONTENDS THE EVIDENCE NEVER MEASURED UP TO THE REQUIREMENT OF ARTICLE 38.14 WHICH PROVIDES A CONVICTION CANNOT BE HAD UPON THE TESTIMONY OF AN ACCOMPLICE UNLESS CORROBORATED BY

Other evidence, Tending To connect the defendant/Appellant with the offense committed, And The corroboration is not sufficient if it merely shows the commission of the offense. (Tex. Code Crim. Proc. Ann. Art. 38.14 (Vernon 1979). It's clear from the statute that the testimony of an accomplice witness alone cannot furnish the basis for a conviction And a conviction so based must be Reversed. (Paulus v. State), 633 S.W. 2d 827, 843 (Tex. Crim. App. 1981) And This is True no matter how complete A case Against the Defendant may have been made by the Accomplice witness's Testimony, And no matter how much credit The Jury might have given To such Testimony. Id; (Walker v. State), 615 S.W. 2d 728, 731 (Tex. Crim. App. 1981). An Accomplice witness has been described As A discredited witness. see (Munoz v. State) 853 S.W. 2d 558, 559 (Tex. Crim App. 1993). It has been said that the Testimony of an accomplice witness must be Viewed with caution And carefully scrutinized not only because of Any interest such witness might have, but because his Testimony is evidence from A corrupt source. (Paulus), 633 S.W. 2d At 843. here the only non-Accomplice witness evidence is Appellants Phone call from Jail Telling his Brother (Johnny Frank Anderson) To go To his house And get his starter Pistol from A hole in his house. However Appellant used The word (that) Because he knew The Police was listening To The Phone calls. he did not want The Police, To know he had A starter Pistol in his Possession. Trial counsel never Raised this issue At Trial so it was not Brought up. Again Both Trial And Appellant counsel neglected To Raise The issue of The indictment was constructively Amended in Violation of Appellants fifth Amendment Rights; see (Point of error number) two". the Accepted Test is that A constructive Amendment of The indictment occurs when the Jury is Permitted To convict the defendant upon the factual basis That effectively modifies An essential element of the offense charged in The indictment... In such cases, Reversal is Automatic because The defendant may have been convicted on A ground not charged in the indictment And the substitution At Trial of A new element of the offense (Marijuana) high seas Jurisdiction for the one contained in The indictment. the Accomplice witness clearly stated The only drugs he saw in The Bag he Retrieved from Appellants house only contained weed. (Marijuana) he never mentioned crack cocaine. All with out Johnny Frank Anderson's Testimony that he found crack cocaine in his Brother's house the Appellant, then the State failed to Prove that the Appellant Possessed That controlled substance namely cocaine. R.R. Vol. 6. P. 7. Line 9-14, (Q) Do you know This man sitting with the sling in his Arm, sitting over there To my left, That would be your Right? (A) yes. (Q) And who is he? (A) My brother, Tyrone. Appellant Argues It is difficult To imagine A more suggestive,

A more critical manner, in which to present a suspect to a witness as was employed by the Prosecutor Mr. Lilley: who has been leading the witness Johnny Frank Anderson Throughout the Proceeding The first incidence, RR. Vol 5. P. 188~189. Line 5-25 And P. 189 Line 1~3 Ms Abramson first objected to Mr. Lilley Leading the witness, on P. 189 The court sustained Ms Abramson's objection. However Ms Abramson or Ms. Katherine A Ferguson, Trial and Appeal counsel Both failed to Raise the issue of The suggestive nature of Johnny frank Andersons in-court identification with The assistance of being Lead by Prosecutor Mr. Lilley. Here Mr. Lilley has Placed himself in the dual Role of Attorney - witness, And Appellant Argues Mr. Lilley cannot serve as both witness And Prosecutor. As was employed in The instant case. The Record would Reflect As To Mr. Lilley's Placing himself throughtout the Proceeding And The Record is Silent To Trial counsel's objection to this Matter, Also Appeal counsel Ms Katherine A. Ferguson clearly stated That she has diligently Reviewed the entire Record And the law Applicable Thereto And, in her Opinion, The Appeal is without merit And wholly frivolous in that the Record Reflects no Reversible error. It is Also The opinion of the undersigned Appointed Attorney on Appeal That there Are no grounds of error upon which An Appeal can be Predicated. (That's not True), The Point of errors throughout This Brief That contains four errors And Arguments And Authorities, which Prove's Both counsel failed To Require The Prosecution's Case To survive The crucible of meaningful Adversarial Testing. When A True Adversarial criminal Trial has been conducted, the kind of Testing envisioned by The sixth Amendment has occurred PP. 653-657 (Cronic V. United States), 466 U.S. 648, 104 S. Ct. 2039 80 L.Ed. 2d 657 (1984). Appellant Argues he did not have the Assistance of counsel for his defense (AT Trial or on Direct Appeal) That is guaranteed by the Sixth Amendment To The constitution. Appellant contends this conclusion was not A mere incidence But holely supported by the Record. Thus he determined That Trial And Appeal counsel had made Specific errors, That Their Actual Pre formance, had harmed The defense, And that they failed To exercise The Skill, Judgment, And diligence of A Reasonable competent defense/Appeal Attorney would have Provided under The Sixth Amendment of the U.S. Constitution. It is That very Premise" That underlies And gives meaning To The Sixth Amendment. It is meant To Assure fairness in the Adversary criminal Process. (United State V. Morrison) 449 U.S. 361, 364, 101 S. Ct. 665, 667, 66 L.Ed 2d 564 (1981). Unless The Accused Receives the effective Assistance of counsel, A serious Risk of injustice Infects the Trial itself As was the Problem in the instant case. (Cuyler V. Sulliv-

AND), 446 U.S., AT 343, 100 S. CT., AT 1715. A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL MUST ESTABLISH 1) AN ACT THAT CONSTITUTE INEFFECTIVE ASSISTANCE, AND 2) THE DEFENDANT SUFFERED HARM DUE TO THIS INEFFECTIVE ASSISTANCE, ALSO KNOWN AS THE PREJUDICE REQUIREMENT OF STRICKLAND. TRAP 44.2 (a) REQUIRES THAT, AFTER A FINDING OF CONSTITUTIONAL ERROR, A REVIEWING COURT OF APPEALS MUST REVERSE A JUDGEMENT OF CONVICTION AND OR PUNISHMENT UNLESS THE COURT DETERMINES BEYOND A REASONABLE DOUBT THAT THE ERROR DID NOT CONTRIBUTE TO THE CONVICTION OR PUNISHMENT. SEE (SIMPSON V. STATE) 227 S. W.3d 855. APPLICANT CONTENDS A REASONABLE PROBABILITY THAT, BUT FOR COUNSEL'S UNPROFESSIONAL ERRORS, THE RESULTS OF THE TRIAL/APPEAL WOULD HAVE BEEN DIFFERENT. IN (EX. PARTE NAPPER), 322 S.W.3d 202 (TEX. CRIM. APP. 2010). IT IS NOT ENOUGH THAT COUNSEL'S ERRORS COULD HAVE HAD SOME CONCEIVABLE EFFECT ON THE OUTCOME OF THE PROCEEDING IN ORDER FOR ERRORS TO CONSTITUTE INEFFECTIVE ASSISTANCE OF COUNSEL, BUT A DEFENDANT DOES NOT HAVE TO SHOW THAT COUNSEL'S DEFICIENT CONDUCT MORE LIKELY THAN NOT ALTERED THE OUTCOME OF THE CASE. TRIAL COUNSEL FAILED TO FILE A MOTION FOR A NEW TRIAL BY DEFENSE COUNSEL MS CACIAN ABRAMSON, (MS ABRAMSON AND APPEAL COUNSEL KATHERINE A. FERGUSON) BOTH FAILED TO RAISE THE ISSUE A NEW TRIAL OR DOUBLE JEOPARDY VIOLATION, THAT MULTIPLE PUNISHMENT FROM SPECIAL ASSESSMENTS IS COLLATERAL CONSEQUENCES OF HIS CONVICTION THAT CONSTITUTE ACTUAL HARM. SEE (BALL V. UNITED STATES), 470 U.S. 856, 865, 105 S. CT. 1668, 84 L.ED 2d 740 (1985). THIS POTENTIAL ADVERSE COLLATERAL CONSEQUENCES THAT MAY NOT BE IGNORED. FAILURE TO REMEDY SUCH A CLEAR VIOLATION OF A CORE CONSTITUTION PRINCIPLE WOULD BE ERROR SO OBVIOUS THAT OUR FAILURE TO NOTICE WOULD SERIOUSLY AFFECT THE FAIRNESS INTERGITY OR PUBLIC REPUTATION OF THE JUDICIAL PROCEEDING, AND RESULT IN A MISCARRIAGE OF JUSTICE. (FOLLOWING BALL AND RUTLEDGE, NUMEROUS COURTS OF APPEALS HAVE CONCLUDED THAT A DEFENDANT SUBSTANTIAL RIGHTS ARE AFFECTED BY THE ADDITIONAL, UNAUTHORIZED CONVICTION, EVEN WHEN THE IMMEDIATE PRACTICAL EFFECT MAY NOT INCREASE THE DEFENDANT'S PRISON TERM, OR MAY ONLY BE A NEGLIGIBLE ASSESSMENT); APPELLANT ARGUES THAT TRIAL COUNSEL'S FAILURE TO PRESERVE OR OBJECT TO THE JURY BEING EXPOSED TO A BARRAGE OF INADMISSIBLE TESTIMONY, CONCERNING JOHNNY FRANK ANDERSON'S CREDIBILITY WHEN THE SOLE ISSUE AT TRIAL WAS HIS CREDIBILITY IN (PABLO LEPEZ V. STATE) 315 S.W. 3d 90 (TEX. APP.-HOUSTON [1ST DIST] 2010, PET. FILED). STATES WE CAN ONLY REASONABLY CONCLUDE THAT THE TESTIMONY OF JOHNNY FRANK ANDERSON WAS BOLSTERED IMMEASURABLY BY THE INADMISSIBLE TESTIMONY. THE COURT OF APPEALS CONCLUDED THAT APPELLANT WAS PREJUDICED BY THE DEFICIENCY AND HAD MET HIS BURDEN OF PROOF UNDER THE STRICKLAND/HERNANDEZ STANDARD. IN MAKING AN ASSESSMENT OF

Effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case, with out the benefit of hindsight. While a single error will not typically result in a finding of ineffective assistance of counsel, an egregious error may satisfy the Strickland prongs on its own. In the rare case in which trial counsel's ineffectiveness is apparent from the record, an appellant court may address and dispose of the claim on direct appeal. Allowing this disposition alleviates the unnecessary judicial redundancy and burden on the trial courts of holding additional hearings in writ applications when no additional evidence is necessary to the ultimate disposition of the case. However this is a difficult hurdle to over come: The record must demonstrate, that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his subjective reasoning. See (Vasquez v. State), 830 S.W. 2d 948,951 (Tex. Crim. App. 1992) (counsel's failure to request jury instruction on issue of necessity when appropriate, was both deficient and (prejudicial/harmful)); see (Thompson), 9 SW. 3d at 813 (stating that while this court has been hesitant to designate any error as pre se ineffective assistance of counsel as a matter of law, it is possible that a single, egregious error of omission or commission by appellant's counsel constitutes ineffective assistance.). Appellant's, appeal counsel and trial counsel was both incompetent and ineffective assistance for not objecting or raising the above issues at trial, thus denying him the defendant's constitutional right to present a defense at trial and on direct appeal. Appellant request this honorable court to review this brief and compare the issue to the record and to inquire why appeal counsel neglected to raise ineffective assistance on trial counsel nor raise the issues presented in this brief. Relief sought is an acquittal and or dismissal of the charges with instruction, or remand with new trial.

Wherefore Premises Considered Appellant Prays this Honorable Court dismiss or Acquit This Case, (cause # No. 06-14-00074-CR) on Appeal From the 354th Judicial District Court of Hunt County, Texas. (No. 29,512), OR Return this mis carriage of Justice, To The Trial court For Further Proceeding. Appellant thanks this court For Affording him the Opportunity To file A Pro-se brief Asserting All grounds of which he believes would Reverse The Judgement of The Trial court.

## UNSWORN DECLARATION

I, Tyrone Denard Anderson, TDCJ # 1944026, being Presently incarcerated in the William P. Clements Jr. Unit, Texas Department of Criminal Justice, Potter county Texas declare under Penalty of Perjury That the statement Presented in this original Anders Brief. Is True And correct to my knowledge, Sworn To me on this 4th Day of March 2015.

X_Tyrone Denard Anderson_
TYRONE DENARD ANDERSON
PRO-SE AFFANT.

## CERTIFICATE OF SERVICE

I, Tyrone Denard Anderson, TDCJ # 1944026, certify That A True And correct copy Of the Anders Brief in support of Appellant's Appeal was sent by First class United States mail, Postage Pre Paid, To The Honorable Court of Appeals, sixth Appellate District State of Texas, Clerk, Debra k. Autrey, Bi-State Justic Building, 100 North State Line Avenue # 20 Texarkana, Texas 75501. On this 4th Day of March 2015.

X_Tyrone Denard Anderson_
TYRONE DENARD ANDERSON
TDCJ-ID 1944026
W. P. CLEMENTS UNIT
9601 SPUR 591
AMARILLO TEXAS 79107
PRO-SE

*Exhibit #1*

**Criminal Cost Bill**

(Fees based on offenses committed on or after January 1, 2010)

Stacey Landrum, District Clerk
County Of Hunt
P.O. Box 1437
Greenville, Texas 75403-1437

**The State Of Texas vs TYRONE DENARD ANDERSON**

# 29,512     LIFE TDCJ

| | |
|---|---|
| District Clerk's Fee | $40.00 |
| State Fee | $80.00 |
| Sheriff's Warrant Fee | $50.00 |
| Crime Victim Fee | $45.00 |
| Court Security Fee | $5.00 |
| Record Preservation Fee | $22.50 |
| Record Management Fee | $2.50 |
| Fugitive Apprehension Fee | $5.00 |
| Judicial & Court Personnel Training Fund | $2.00 |
| Juvenile Crime Prevention Study | $0.25 |
| S Jury | $4.00 |
| Judiciary State Fund | $4.00 |
| Fine | $0.00 |
| Restitution | $0.00 |
| Court Appointed Attorney | $5,535.00 |
| Administrative Fee | $2.00 |
| Technology Fee | $4.00 |
| Crimestoppers | $50.00 |
| Sex Offender Fee | $0.00 |
| Investigator Fee | $425.00 |
| Total | $6,276.25 |

STACEY LANDRUM, DISTRICT CLERK
DISTRICT COURT, HUNT COUNTY, TEXAS

By _____ , Deputy

94